| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY<br>STATE OF COLORADO<br><br>Court Address:  1777 6th Street<br>                         Boulder, Colorado 80302 | DATE FILED: November 17, 2022 5:25 PM<br>FILING ID: 6153C4494D5A9<br>CASE NUMBER: 2022CV30801 |
| **Plaintiff:**     SEBASTIAN ARAMENDIA<br><br>v.<br><br>**Defendants:** PROGRESSIVE DIRECT INSURANCE COMPANY, a corporation; and, THE PROGRESSIVE CORPORATION, a corporation | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Barry I. Dunn, Atty. No. 30416<br>BOESEN LAW, LLC<br>4100 E. Mississippi Avenue, 19th Floor<br>Denver, Colorado 80246<br>Phone: (720) 266-6700<br>Fax: (303) 320-1915<br>E-mail: bdunn@boesenlaw.com | Case Number:<br><br>Division: |
| **COMPLAINT** ||

Plaintiff, Sebastian Aramendia, by and through is attorneys, Barry I. Dunn, Boesen Law, LLC, and for his Complaint for damages against Defendants Progressive Direct Insurance Company and The Progressive Corporation, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant to this lawsuit, Plaintiff Sebastian Aramendia ("Plaintiff") is an individual who resides and has resided in the county of Boulder, state of Colorado.

2. Defendant Progressive Direct Insurance Company is a foreign corporation, incorporated in the state of Ohio, which regularly conducts business in the county of Boulder, state of Colorado.

1

3. Defendant The Progressive Corporation is a foreign corporation, incorporated in the state of Ohio, which regularly conducts business in the county of Boulder, state of Colorado.

4. Venue and jurisdiction are proper in this Court pursuant to C.R.C.P. 98(c)(1) because as foreign corporations both Defendants may be found in, and they regularly conduct business in, the county of Boulder.

## GENERAL ALLEGATIONS

5. On February 2, 2019, around 2:30am, Plaintiff was driving a 2011 Mazda 2 northbound on N. Clarkson Street, Denver, Colorado, through the intersection of E. 14th Avenue.

6. On February 2, 2019, Tortfeasor (the at-fault party to the "collision" discussed in this Complaint) was driving a 2015 Mercedes 300 Series eastbound on E. 14th Avenue through the intersection of N. Clarkson Street.

7. Tortfeasor failed to stop at a red light on E. 14th Avenue which caused Plaintiff to impact the front passenger side of Tortfeasor's vehicle (the "collision").

8. Following the collision, Tortfeasor admitted running the red light and causing the collision to Plaintiff.

9. Denver Police Officer Alex Enriquez arrived at the scene and issued Tortfeasor a traffic citation for Disobedience to Traffic Signal.

10. The Traffic Accident Report states that Tortfeasor admitted to Officer Enriquez that he ran the red light and caused the collision.

11. If Tortfeasor was paying attention to the traffic signals and surrounding traffic, Defendant could have avoided causing the Collision.

12. Tortfeasor was operating his vehicle in an unsafe manner at the time of the Collision.

13. Tortfeasor was driving without reasonable care prior to and at the time of the Collision.

14. Tortfeasor's acts and omissions on the subject occasion were in violation of his duty of care to Plaintiff.

15. Tortfeasor was driving negligently prior to and at the time of the Collision.

16. Tortfeasor was driving carelessly prior to and at the time of the Collision.

17. Plaintiff did not act or fail to act in any way which caused or contributed to the Collision.

18. The Collision was caused solely by the acts and omissions of Tortfeasor.

19. At the time of the Collision, Plaintiff was following all applicable traffic laws.

20. Tortfeasor was required to follow all traffic rules and regulations under Colorado law which were in force and effect on the day of the Collision.

21. On the day of the Collision, Tortfeasor operated his vehicle in violation of and without regard for the traffic rules and regulations in force and effect.

22. Tortfeasor's negligent and careless acts and omissions on the subject occasion were sufficient to cause and did cause injury to Plaintiff.

23. As a result of the impact by Plaintiff's vehicle into Tortfeasor's vehicle, Plaintiff sustained injuries to his body, including injuries to his shoulders, head, brain, neck, vision, back, right hip and both knees.

24. No third party caused or contributed to the cause of the subject Collision.

25. No third party caused or contributed to Plaintiff's injuries or damages.

26. Plaintiff did not act or fail to act in any way on the date of the Collision that would cause him injury.

27. Plaintiff did not fail to mitigate his injuries and damages.

28. Plaintiff has not been injured in any unrelated incident subsequent to the Collision.

29. Plaintiff injuries were caused by the subject Collision.

30. Plaintiff has incurred lost wages as a result of the injuries he sustained due to Tortfeasor's negligence and carelessness.

31. Plaintiff has incurred medical expenses as a result of the injuries he sustained due to Tortfeasor's negligence and carelessness.

32. The Tortfeasor possessed a valid automobile liability insurance policy with Say Insurance Company.

33. It is well recognized in the insurance industry that a claimant's claim against a tortfeasor driver's insurance company is called a "bodily injury" ("BI") claim and, if the tortfeasor driver possesses liability insurance policy limits that are under the value of the claimant's total damages, the claimant may maintain a claim pursuant to his or her underinsured motorist coverage ("UIM") with claimant's insurance company if such coverage exists.

34. Plaintiff settled with Say Insurance Company on his BI claim against the Tortfeasor driver for $50,000, which were the maximum limits of the coverage of the Say automobile insurance liability policy.

35. The settlement of Plaintiff's BI claim with Say Insurance Company was with the written consent and permission of Defendants granted pursuant to their letter dated September 24, 2020.

36. The Say Insurance Company settlement check was dated November 17, 2020.

37. At the time of the subject collision, Plaintiff was insured under an automobile insurance policy with Defendants.

38. At the time of the subject collision, Plaintiff's insurance policy with the Defendants contained UIM coverage.

39. Plaintiff has submitted a UIM claim to Defendants.

40. Plaintiff has satisfied all conditions precedent to maintain his UIM claim with Defendants.

41. Plaintiff has cooperated with Defendants on his UIM claim.

42. Plaintiff has paid all insurance premiums to Defendants to allow for coverage to exist on Plaintiff's UIM claim.

43. Plaintiff has submitted to Defendants documentation to support his UIM claim.

44. Plaintiff has requested Defendants to pay to Plaintiff the full value of his UIM claim based upon Plaintiff's documented injuries and damages.

45. Defendants are obligated to pay to Plaintiff on his UIM claim the full value of Plaintiff's injuries and damages.

46. The policy limit of Plaintiff's UIM insurance policy with Defendants is $250,000

47. In a letter dated October 25, 2020, Plaintiff submitted to Defendants a request for benefits for the UIM policy limits of $250,000, with supporting documents including the Traffic Accident Report, medical records and medical bills.

48. There has been sufficient and adequate time from October 25, 2022 until the date of the filing of this Complaint on November 17, 2022 for Defendants to offer the full value of Plaintiff's UIM claim.

49. Plaintiff has never received any offer on his UIM claim.

50. In a letter from Defendant Progressive Direct Insurance Company to Plaintiff dated November 9, 2022, Defendant stated that it can neither accept nor reject Plaintiff's "demand" (referred to by Plaintiff as a "request for benefits"), requesting five (5) years of prior medical records.

51. On the same date, an in a letter from Plaintiff dated November 9, 2022, Plaintiff sent to Defendant Progressive Direct Insurance Company a letter and disc containing prior medical records.

52. Plaintiff continued to not receive any offer on his UIM claim.

53. Defendants have had sufficient documentary support of Plaintiff's injuries and damages in order to present an offer on Plaintiff's UIM claim.

54. At this time, Defendants have breached their contract with Plaintiff by failing to present an offer on Plaintiff's UIM claim.

55. At this time, Plaintiff does not present a claim for violation of C.R.S. 10-3-1115(1)(a) or 10-3-1116 for unreasonable delay or denial of Plaintiff's UIM claim, but does not waive his right to maintain such a claim in the future if there is a legal basis and, if warranted, will seek to amend this Complaint to state such a claim.

5

56. At this time, Plaintiff does not present a claim for violation of C.R.S. 10-3-1104(1)(h) for unfair claims settlement practices as to Plaintiff's UIM claim, but does not waive his right to maintain such a claim in the future if there is a legal basis and, if warranted, will seek to amend this Complaint to state such a claim.

57. Defendants have breached, and continue to breach, their contract with Plaintiff by not offering the full reasonable value of Plaintiff's UIM claim.

### FIRST CLAIM FOR RELIEF
### (Breach of Insurance Contract)

58. Plaintiff incorporates all prior allegations as though fully set forth herein.

59. Defendants' failure to offer any funds on Plaintiff's UIM claim is a breach of the terms of the insurance contract between Defendants and Plaintiff based on the value of Plaintiff's economic damages, damages for permanent impairment and general damages.

60. Defendants' failure to offer any funds on Plaintiff's UIM claim is a breach of the terms of the insurance contract between Defendants and Plaintiff based solely on the value of Plaintiff's damages for permanent impairment and general damages.

61. As a direct and proximate result of Defendants' breach of the insurance contract, Plaintiff has sustained injuries, damages and losses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendants, and each of them, as follows:

A. For compensatory damages in an amount to be proved at trial as just and adequate compensation for Plaintiff's injuries, damages and losses sustained as a result of the subject collision and Defendants' actions, including but not limited to all economic and non-economic damages, general damages and damages for permanent impairment, which Plaintiff has incurred to the present time and which he probably will incur in the future;

B. For specific performance of the insurance contract;

C. For interest provided by Colorado law, including pre-judgment and post-judgment interest pursuant to C.R.S. 13-21-101 and C.R.S. 5-12-102;

D. For costs and expert witness fees; and,

E. For such other and further relief this Court deems just and proper.

DATED: November 17, 2022

                                                BOESEN LAW, LLC

*Pursuant to C.R.C.P. 121 §1-26, the duly signed original remains on file at Boesen Law, LLC*

By: /s/ *Barry I. Dunn*
Barry I. Dunn, Reg. No. 30416
ATTORNEY FOR PLAINTIFF

Plaintiff's Address:
787 Crystal Court
Lafayette, CO 80026

7